United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

EDMOND O. WALKER,
Plaintiff,

v.

STEVEN MAJOROS, et al.,
Defendants.

Case No. 26-cv-02727-LB

**ORDER**

Edmond Walker, who represents himself, sued Steven Majoros in state court over an incident at Highland Hospital in Oakland. Majoros removed the case. On June 24, 2026, Walker filed a first amended complaint that added two defendants, Highland Hospital and Inter-Con Security Services, Inc. He did not serve them within the ninety days that Rule 4(m) allows. On October 16, 2026, the court ordered him to serve them and file proof of service by October 29, 2026, or show good cause by that date for not doing so, and warned that the failure to do either could result in dismissal of the claims against them without prejudice.[1] Walker responded with three filings that ask for more time to serve, for early discovery to identify the individual security and medical

[1] Notice – ECF No. 24 at 1–2. Record citations are to the ECF-stamped page numbers at the top of filed documents.

United States District Court
Northern District of California

personnel involved in the incident, and for a continuance of the case-management conference. Majoros opposes.[2]

Walker has not shown good cause for his failure to serve the two entity defendants. The obstacle he describes (the entities' refusal to identify their employees) does not explain why he did not serve the entities themselves (because he has their addresses). The court nonetheless exercises its discretion under Rule 4(m) to give him an extension to January 14, 2026. The court denies the longer extension to March 15, 2027, denies the request to serve the entities through their "designated legal representatives," denies the request for early discovery as drafted but grants leave to serve narrow subpoenas for the names and business addresses of the personnel who interacted with Walker, denies the request to continue the case-management conference as moot, and discharges the order to show cause.

**STATEMENT**

Walker filed this case in state court on March 10, 2025, naming only Majoros. He served Majoros on February 25, 2026, and Majoros removed the case on March 27, 2026.[3] On June 24, 2026, Walker filed a first amended complaint that added Highland Hospital and Inter-Con Security Services, Inc. as defendants.[4] At the initial case-management conference on July 2, 2026, the court deferred scheduling so that Walker could serve the new defendants and set a further conference for September 24, 2026, which it later continued to October 29. In the joint case-management statement filed on September 17, Walker said that he was making efforts to serve the new defendants and needed more time.[5]

On October 16, 2026, the court observed that Rule 4(m)'s ninety days had run and that Walker had filed no proof of service. It ordered him to serve the defendants and file proof of service by October 29, 2026, or show good cause by that date for the failure to serve, warned that failing to

---

[2] Resp. & Mot. – ECF No. 28; Resp. & Mot. – ECF No. 26; Resp., Mot. & Req. – ECF No. 27; Opp'n – ECF No. 30. The court decides the motions on the papers. Civil L.R. 6-3(d), 7-1(b).

[3] Opp'n – ECF No. 30 at 2; Notice of Removal – ECF No. 1.

[4] First Am. Compl. – ECF No. 11; Notice – ECF No. 24 at 1.

[5] Opp'n – ECF No. 30 at 2–3; Clerk's Notice – ECF No. 22; Joint Case-Mgmt. Statement – ECF No. 21 at 2.

do either could result in dismissal of the claims against those defendants without prejudice, and continued the case-management conference to January 28, 2027.[6]

Walker filed three responses. The first, received by the clerk on October 30 and docketed on November 3, asks for a sixty-day extension, to December 29, 2026, to serve Highland Hospital and Inter-Con. It says that the two entities "have withheld critical records and refused to disclose the identity/contact details of staff involved in the incident," asks for "limited early discovery" under Rule 45 or an "administrative order" requiring the entities to produce the names and service addresses of the security and medical personnel present during the incident, and alternatively asks to serve the entities through their "designated legal representatives."[7] Walker's declaration, signed on October 30, says that he "attempted in good faith to obtain the necessary information, incident reports, and staff identification records" from the two entities and that they "failed and refused to release the required information." It gives no dates.[8]

The second response, which Walker emailed to chambers on October 30 and the court docketed on November 3, is a longer brief. It asks for an extension to March 15, 2027, to serve "all named and unnamed defendants," and asks the court to continue the case-management conference to January 28, 2027.[9] Its factual recitation says that Walker filed the complaint on October 14, 2026, sent a records request to Highland Hospital (Alameda Health System) on October 22, 2026, sent a records request to Inter-Con on October 28, 2026, and followed up on November 10, November 25, and December 8, 2026.[10] The attached declaration repeats those dates, including the three dates after the filing, and is unsigned and undated: the signature, date, and place lines are placeholders. The filing attaches a proposed order and two draft subpoenas (Form AO 88B) addressed to Highland Hospital at 1411 East 31st Street, Oakland, and to Inter-

[6] Notice – ECF No. 24 at 1–2.

[7] Resp. & Mot. – ECF No. 28 at 1–2 (received October 30, 2026); Resp. & Mot. – ECF No. 26 at 1–2 (same document, docketed November 3, 2026).

[8] Walker Decl. – ECF No. 26 at 2 (¶¶ 3–4); Walker Decl. – ECF No. 28 at 2 (¶¶ 3–4).

[9] Resp., Mot. & Req. – ECF No. 27 at 1–5.

[10] *Id.* at 2–3 (¶¶ 1–5).

Con at 210 South De Lacey Avenue, Pasadena. The subpoenas seek incident reports, shift rosters, staff names and addresses, personnel files, surveillance-retention records, and communications among hospital and security staff about Walker.[11]

Majoros opposes. He contends that Walker has not shown good cause because (1) his first effort (the October 22 records request) came almost four months after the amended complaint and only a week before the court's deadline, (2) the records he sought concern individual employees and were not needed to serve the entities, and (3) he offers no reason for missing the October 29 deadline. Majoros asks the court to deny the extension and dismiss the claims against the two entities without prejudice or, failing that, to set a short, fixed deadline tied to specific service steps. He asks the court to deny the early-discovery request as drafted, to limit any early discovery to identifying the individuals alleged to have participated in the incident, and to keep the January 28 conference date.[12]

## ANALYSIS

### 1. The Court Considers the Late Responses

The court's order required a response by October 29. A court may extend an expired deadline "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The inquiry is equitable and considers the danger of prejudice to the other side, the length of the delay and its effect on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

Walker's first response is dated October 30, and the clerk received it that day: one day late.[13] The November 3 filings are an electronic copy of that document and a supplemental brief. Walker gives no reason for the delay, which weighs against him. But the delay was a day, it did not affect the proceedings, Majoros identifies no prejudice from it, and nothing suggests bad faith. The court

[11] *Id.* at 5–7, 9–13.

[12] Opp'n – ECF No. 30 at 2–5.

[13] Resp. & Mot. – ECF No. 28 at 1–2 (clerk's receipt stamp and declaration dated October 30, 2026).

United States District Court
Northern District of California

decides the service question on the merits rather than on a one-day default by a self-represented litigant. It considers all three filings.

**2. Walker Has Not Shown Good Cause for Failing to Serve the Entity Defendants**

If a defendant is not served within ninety days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," but "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The rule thus works in two steps: if the plaintiff shows good cause, the court must extend the time. If not, the court has discretion to extend it anyway or to dismiss without prejudice. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The plaintiff bears the burden. "At a minimum, good cause means excusable neglect," and a plaintiff may also show that the defendant received actual notice of the lawsuit, the defendant would suffer no prejudice, and the plaintiff would be severely prejudiced if the complaint were dismissed. *Id.* (cleaned up). Ignorance of or confusion about the service rules is not good cause, and a self-represented litigant must follow the same rules as everyone else. *Townsel v. Contra Costa County*, 820 F.2d 319, 320 (9th Cir. 1987).

Walker filed the amended complaint on June 24, 2026, so the ninety days ran on September 22, 2026. Fed. R. Civ. P. 4(m), 6(a)(1). His explanation for not serving Highland Hospital and Inter-Con is that they refused to identify their employees.[14] That explains, at most, why he has not named and served the individual Doe defendants. It does not explain why he did not serve the two entities. An entity is served by delivering the summons and complaint to an officer, a managing or general agent, or an agent authorized to receive service, or by following California law. Fed. R. Civ. P. 4(e)(1), 4(h)(1), 4(j)(2). That requires the entity's address, not the names of its staff, and Walker has the addresses: his own draft subpoenas are directed to Highland Hospital in Oakland and to Inter-Con in Pasadena.[15] Nor does the record show diligence. The earliest dated effort of

[14] Resp. & Mot. – ECF No. 26 at 2 (¶ 2); Walker Decl. – ECF No. 26 at 2 (¶¶ 3–4).

[15] Resp., Mot. & Req. – ECF No. 27 at 9, 11.

any kind is the October 22 records request to Highland Hospital, a month after the service deadline passed and six days after the court's order. The request to Inter-Con followed on October 28.[16] Walker told the court in September that he was making efforts to serve, but he identifies none from that period, and he has known the two entities' roles since he filed his state complaint in March 2025.[17]

The November 3 brief's declaration is unsigned and undated, so it is not a declaration at all. 28 U.S.C. § 1746. The brief says that Walker filed the complaint on October 14, 2026, which is wrong, and it recounts follow-up calls and letters on November 10, November 25, and December 8, 2026 (dates after the filing) as completed events.[18] The court cannot credit it. The court reminds Walker that Rule 11(b) applies to self-represented litigants: by presenting a filing, he certifies that its factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). A declaration must be signed and dated under penalty of perjury to have evidentiary weight.

The other considerations do not change the result. Walker does not contend that either entity has actual notice of the lawsuit, and the record does not show any. The prejudice to Walker from a dismissal is addressed in the next section. On this record, the absence of any effort to serve the entities before the deadline, when nothing prevented it, forecloses a finding of good cause. The mandatory extension does not apply.

### 3. The Court Grants a Discretionary Extension

Absent good cause, the court has broad discretion to extend the time for service rather than dismiss. *Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). In exercising that discretion, the court may consider whether the statute of limitations would bar a refiled action, whether the defendant would be prejudiced, whether the defendant had actual notice, and whether the plaintiff eventually served the defendant.

---

[16] *Id.* at 2–3 (¶¶ 3–4); Opp'n – ECF No. 30 at 2–3.

[17] Opp'n – ECF No. 30 at 2–3.

[18] Resp., Mot. & Req. – ECF No. 27 at 2 (¶ 1), 3 (¶ 5), 5–7 (¶¶ 2, 5–7, 10).

*Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The court must consider whether dismissal, though nominally without prejudice, would bar the plaintiff's claims. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

The factors cut both ways. Walker was not diligent, the entities have no notice of the suit, and he has not served them yet. On the other side, the limitations risk is real. Section 1983 claims borrow California's two-year limitations period for personal-injury actions. Cal. Civ. Proc. Code § 335.1; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The record does not give the date of the incident, but Walker filed his state complaint about it in March 2025, so the incident happened before then, more than twenty months ago. Walker raises the limitations problem, and the court cannot rule it out.[19] A dismissal without prejudice thus might end the claims against the two entities, which is a heavy consequence for a service failure that can be cured in days. The prejudice to Majoros is delay in scheduling, not lost evidence or lost defenses, and he concedes that self-represented litigants are given some latitude to correct defects in service.[20] Service is readily achievable: Walker has both entities' addresses, and he may also ask them to waive service under Rule 4(d).

The court therefore grants an extension. Walker must serve Highland Hospital and Inter-Con Security Services, Inc. and file proof of service by January 14, 2026.[21] The court denies the request for an extension to March 15, 2027: nothing in the record supports a longer period, and the January 28, 2027 case-management conference should go forward with all served defendants. The court will not extend the deadline again absent a showing of good cause under Rule 4(m). If Walker does not serve a defendant and file proof of service by that date, the court will dismiss the claims against that defendant without prejudice under Rule 4(m) without further notice.

The court denies Walker's alternative request to serve the entities through their "designated legal representatives."[22] Rule 4 specifies how an entity must be served. An attorney may accept

---

[19] *Id.* at 4.

[20] Opp'n – ECF No. 30 at 3.

[21] Resp. & Mot. – ECF No. 26 at 1–2.

[22] *Id.* at 2 (¶ 3).

United States District Court
Northern District of California

service for a client only if the client has authorized the attorney to do so, and Walker has not shown that either entity has designated anyone. Nothing prevents him from asking whether counsel for an entity will accept service or whether the entity will waive service.

**4. Early Discovery to Identify the Individual Defendants**

A party may not seek discovery before the Rule 26(f) conference without a court order. Fed. R. Civ. P. 26(d)(1). Courts in this district allow early discovery for good cause. Where the identity of a defendant is unknown before the complaint is filed, "'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). A plaintiff seeking early discovery for that purpose should identify the missing party with enough specificity to show that the party is a real person who can be sued, describe the steps taken to locate the party, show that the action could withstand a motion to dismiss, and explain why the requested discovery is likely to identify the party. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999). The discovery must be tailored to that end.

Walker alleges that identifiable security officers and medical personnel at Highland Hospital's emergency department detained him, used force, and denied him care on a specific date, and that he knows some of them by partial names, descriptions, or badge numbers. The entities, by his account, hold the rosters that would identify them and have declined to release them without legal process.[23] That is a sufficient showing for narrow discovery aimed at identification. But the draft subpoenas go far beyond it: they demand personnel files, use-of-force reports, surveillance-retention records, radio traffic, and communications among hospital and security staff.[24] That is merits discovery, and it must await the Rule 26(f) conference. An "administrative order" directed

[23] Resp., Mot. & Req. – ECF No. 27 at 2 (¶ 2); Walker Decl. – ECF No. 26 at 2 (¶¶ 3–4).

[24] Resp., Mot. & Req. – ECF No. 27 at 9–13.

to the entities is not the vehicle either. Until they are served, they are non-parties, and Rule 45 is the way to obtain documents from a non-party.

The court denies the request as drafted and grants leave to serve on each of Highland Hospital (Alameda Health System) and Inter-Con Security Services, Inc. one Rule 45 subpoena limited to the following: the full names, job titles, employer, and business addresses (for service of process) of the security officers and medical personnel who interacted with Walker in the Highland Hospital emergency department on the date of the incident alleged in the first amended complaint. The subpoenas must comply with Rule 45, including the notice requirement and the limits on the place of compliance. Fed. R. Civ. P. 45(a)(4), 45(c)(2)(A). The clerk will issue signed blank subpoenas on request. Fed. R. Civ. P. 45(a)(3). The court does not set an interim reporting deadline, as Majoros requests: the January 14 service deadline and the January 28 conference suffice. Once the entities are served and appear, Walker may also obtain the identities through ordinary discovery.

### 5. The Case-Management Conference

Walker asks the court to continue the case-management conference to January 28, 2027, at 11:00 a.m. The court already set that date in its October 16 order.[25]

## CONCLUSION

The court discharges the October 16, 2026 order to show cause and grants in part and denies in part Walker's motions as follows.

1. Walker must serve Highland Hospital and Inter-Con Security Services, Inc. and file proof of service by January 14, 2026. The court will not extend this deadline absent a showing of good cause under Rule 4(m). If Walker does not serve a defendant and file proof of service by that date, the court will dismiss the claims against that defendant without prejudice under Rule 4(m) without further notice. The request for an extension to March 15, 2027, is denied.

[25] *Id.* at 1, 5; Notice – ECF No. 24 at 2.

2. The request to serve the entity defendants through their designated legal representatives is denied.

3. The request for early discovery is denied as drafted. Walker may serve on each of Highland Hospital (Alameda Health System) and Inter-Con Security Services, Inc. one Rule 45 subpoena limited to the full names, job titles, employer, and business addresses of the security officers and medical personnel who interacted with him in the Highland Hospital emergency department on the date of the incident alleged in the first amended complaint.

4. The request to continue the case-management conference is denied as moot. The conference remains set for January 28, 2027, at 11:00 a.m.

This resolves ECF Nos. 26, 27, and 28.

**IT IS SO ORDERED.**

Dated: November 10, 2026

LAUREL BEELER
United States Magistrate Judge